IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BASIM ALI TALOUZI,

    Movant,

v.                                CIVIL ACTION NO. 5:02-1211
                                CRIMINAL ACTION NO. 5:98-00173-01

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

Pending before the court is movant's Motion for Reconsideration. (Doc. No. 100.) The motion requests that the court conduct a de novo review of movant's objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation. For the reasons discussed below, the motion is granted, and movant's objections are overruled.

### I. Background

By Standing Order entered on May 20, 2002, and filed in this case on October 7, 2002, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge VanDervort submitted his initial Proposed Findings and Recommendation on December 6, 2002. (Doc. No. 81.) Thereafter, on March 5, 2003, the magistrate judge withdrew his original

Proposed Findings and Recommendation (see Doc. No. 90) after the
filing of several motions by Basim Ali Talouzi ("movant") (see
Doc. Nos. 86-89.).   Following additional briefing from the
parties, the magistrate judge entered his revised Proposed
Findings and Recommendation ("PF & R") on April 22, 2004.   (Doc.
No. 94.)   In it, the magistrate judge made the following
recommendations:    (1) that the court confirm and accept the
magistrate judge's findings, (2) that the court dismiss movant's
Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his
Sentence (Doc. No. 76), and (3) that the court direct the Clerk
to remove this matter from the court's docket.

## II.  Timeliness of Movant's Objections

     In accordance with the provisions of 28 U.S.C. § 636(b), the
parties were allotted ten days, plus three mailing days, in which
to file any objections to Magistrate Judge VanDervort's PF & R.
On May 6, 2004, movant requested an extension of the time period
in which to file objections.   On May 10, 2004, before the court
had ruled on movant's request for an extension, movant – acting
through counsel for the first time in this civil action –
submitted what was entitled "Objection to Proposed Findings and
Recommendation."   (Doc. No. 96.)   Two days later, on May 12,
2004, the court granted movant's request for an extension, and
allowed the movant until June 7, 2004, to file his objections to
the PF & R.   (Doc. No. 97.)   Thereafter, movant, again acting

-2-

through counsel, filed his "Amended Objection to the Proposed Findings and Recommendation" on June 9, 2004.  (Doc. No. 98.)

By order entered June 16, 2004, the court found movant's June 9, 2004 objections to be untimely, and declined to conduct the de novo review provided for in 28 U.S.C. § 636(b).  In accordance with the court's order, movant's § 2255 motion was dismissed and the Clerk removed this matter from the court's active docket.  (Doc. No. 99.)  Subsequently, movant's attorney filed the Motion for Reconsideration now pending before the court (Doc. No. 100), which requests that the court re-examine its decision of June 16, 2004, find movant's previously filed objections to be timely, and conduct the necessary de novo review.

The court notes that the deadline for filing at issue here is not the original ten-day period provided for in § 636(b), but rather the deadline set by the court in granting movant's requested thirty-day extension, which stated that movant's objections would be deemed timely if "filed by the movant on or before June 7, 2004."[1]  (Doc. No. 97.)  Although this appears to

---

[1]  In support of his Motion for Reconsideration, movant cites "Federal Rule of Civil Procedure 5(D)," by which movant appears to have intended Federal Rule of Civil Procedure 5(b)(2)(D), for the proposition that "service is complete when the person making service delivers a copy to the agency designated to make delivery . . . ."  (Doc. No. 100 at 2.) Because the court, in setting the extended deadline for submission of movant's objections, specifically referred to the *filing* of the same, rather than the *service* thereof, the court

-3-

leave some question as to whether the additional time provided in Federal Rule of Civil Procedure 6(e) is applicable, out of an abundance of caution, the court grants movant's Motion for Reconsideration (Doc. No. 100), and has conducted a de novo review pursuant to § 636(b).

### III.  Movant's Objections

Federal Rule of Civil Procedure 72(b) directs that, "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file *specific*, written objections to the proposed findings and recommendation." (Emphasis added).  Under 28 U.S.C. § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

In movant's May 10, 2004 "Objection to Proposed Findings and Recommendation," counsel for movant states, "[Movant] objects to the proposed findings for all the reasons stated in his previous pleadings filed with the Court."  (Doc. No. 96 at 1.)  As the

believes movant's reliance on Rule 5(b)(2)(D) is misplaced.

United States Court of Appeals for the Fourth Circuit observed in reviewing a similar objection in Page v. Lee, 337 F.3d 411 (4th Cir. 2003), it has often been noted that "the failure to raise an objection 'sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute' waives any appellate review."  337 F.3d at 416 (quoting United States v. 2121 E. 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996)).

The Court found that the objection at issue in Page, which stated that counsel objected on the basis of the arguments presented in the brief filed in support of the habeas petition in that case, was a general objection "insufficient to avoid waiver." Page, 337 F.3d at 416.  Because the statement quoted above from movant's "Objection to Proposed Findings and Recommendation" is just such a general objection, the court finds it inadequate to trigger a de novo review as to "all the reasons stated" in movant's previous pleadings in this matter." Accordingly, movant's objection on this point is overruled.[2]

_____

[2]   In his "Amended Objection to Proposed Findings and Recommendation," movant states that he "amends his objection as previously filed . . . without waiving any of the arguments presented by the defendant to the magistrate.  Counsel adopts them for the purpose of preserving them for the defendant should he choose to proceed to appeal any denial of these arguments." (Doc. No. 98 at 1.)  To the extent this statement constitutes a reassertion of the type of general objection the court now overrules, it is likewise overruled.

The only remaining objection movant raises relates to the second of two Criminal History issues addressed by Magistrate Judge VanDervort.[3]  This issue centers around the post-sentencing modification of movant's 1999 conviction in Wake County, North Carolina of conspiracy to obtain property by false pretenses. (See Doc. No. 86, Ex. 10, Order of Judge Salisbury.)  In an order dated December 20, 2002, nunc pro tunc July 2, 1999, Judge Anne B. Salisbury of the General Court of Justice of Wake County modified her original July 2, 1999 sentence of 146 days, amounting to time served.  (Id.)  The modified sentence imposed a minimum four-month to a maximum five-month sentence, suspended during a twenty-four month term of probation.  (Id.)  Judge

---

[3]  With regard to the first of these two issues, movant states that the PF & R concedes that movant "is entitled to a reduction of one criminal history point" due to the improper consideration of a conviction dated ten years prior to the initial date of relevant conduct in the instant offense.  (See Doc. No. 98 at 1.)  Movant neglects to mention, however, that the magistrate judge, after making that concession, proceeded to find nothing to support movant's claim of ineffective assistance of counsel on this point.  (Doc. No. 94 at 9-12.)  Indeed, after applying the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), Magistrate Judge VanDervort recommended dismissal of movant's claim.  Because movant has not objected to the magistrate judge's recommendation, the court has not conducted a de novo review of this issue.  The court notes the issue, however, because movant appears to rely on the magistrate judge's concession of one criminal history point in reaching the conclusion that, after favorable consideration of his objection on the second Criminal History issue he raises, he would be entitled to be sentenced in Criminal History Category I. (See Doc. No. 98 at 2.)  In light of the magistrate judge's recommendation with regard to movant's ineffective assistance claim, the court believes movant's logic to be faulty.

Salisbury further ordered that, should the suspended sentence be
activated, defendant was to receive credit for the 146 days
actually served.  (Id.)

Movant attempts to distinguish his case from United States
v. Dixon, 230 F.3d 109, 112 (4th Cir. 2000), cited by Magistrate
Judge VanDervort, on the basis that, whereas Dixon's probation
was revoked and a sentence was imposed, movant's sentence was
never activated.  (See Doc. No. 98 at 1-2.)  Movant's argument is
inapposite, however.  In Dixon, the defendant had served twenty-
three days before sentencing on a prior state conviction.  230
F.3d at 110.  He was given a sixty-day suspended sentence and a
term of probation, but later violated the terms of his probation,
which was revoked.  Id.  With regard to the probation violation,
he was sentenced to time served since being arrested for the
violation, which amounted to thirty-five days.  Id.  In
determining that Criminal History points should be allotted for
the portion of Dixon's sentence that was not suspended, i.e., a
total of fifty-eight days, rather than for the sixty-day
suspended sentence, the Fourth Circuit did not distinguish
Dixon's situation from circumstances such as movant's.

Indeed, the case relied upon heavily by the Dixon court in
reaching its decision, United States v. Tabaka, 982 F.2d 100 (3d
Cir. 1992), is analogous to this case.  In Tabaka, the
defendant's prior criminal conviction earned him a sentence of

-7-

forty-eight hours to fifteen months.  Id. at 101.  Two days after imposition of the sentence, the sentencing court suspended the remainder of the term and placed the defendant on parole, which was never revoked.  Id.  The Tabaka court determined that Criminal History points should be allotted based on the forty-eight hours defendant had served, rather than on the fifteen months he might have served had his parole been revoked.  Id. at 101-02.

Under the reasoning of Dixon and Tabaka, then, the issue is not whether movant should receive Criminal History points on the basis of the 146 days he served or as though he never served a day, but rather whether he should receive points based on a sentence of 146 days, or on the full five months he might have been made to serve.  Movant's Criminal History points were, indeed, calculated based on the 146 days he actually served.  Accordingly, the magistrate judge's application of the Dixon case was appropriate, and movant's objection is overruled.

### IV.  Application of United States v. Booker

As a final matter, the court notes that movant's Motion for Reconsideration raises – for the first time – issues as to the application of Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and related cases.  (See Doc. No. 100 at 2.)  Without commenting on the propriety of movant's method of raising the issue, the court observes that it

-8-

is now well-established that <u>Booker</u> does not apply retroactively
so as to permit collateral attack of a judgment of conviction
that became final before <u>Booker</u> was decided.  See <u>United States</u>
<u>v. Morris</u>, 429 F.3d 65 (4th Cir. 2005)(agreeing with nine circuit
courts of appeal holding <u>Booker</u> inapplicable retroactively to
cases on collateral review).

### V.  Conclusion

Although the court believes movant's Motion for
Reconsideration misapplied the rules governing the time limit for
filing objections to the magistrate judge's Proposed Findings and
Recommendation, the court GRANTS movant's motion out of an
abundance of caution.  Having now conducted its de novo review of
movant's objections to the magistrate judge's findings, the court
OVERRULES the same.  Magistrate Judge VanDervort's PF & R is
CONFIRMED and ACCEPTED, and movant's Motion under 28 U.S.C.
§ 2255 remains DISMISSED as previously ordered.

The Clerk is directed to forward a copy of this Memorandum
Opinion to the movant and to all counsel of record.

IT IS SO ORDERED this 14th day of June, 2006.

ENTER:

David A. Faber
United States District Judge