## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       CRIMINAL ACTION NO. 5:98-cr-00173

BASIM ALI TALOUZI,

        Defendant.

### REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On March 31, 2009, the Defendant, Basim Ali Talouzi, appeared in person and by counsel, Jacqueline A. Hallinan, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by John L. File, AUSA. United States Probation Officer Keith E. Zutaut was also present at the hearing.

On March 13, 2000, the Defendant was sentenced to a term of imprisonment of 120 months to be followed by a 3-year term of supervised release. The Defendant began serving the term of supervised release on July 27, 2007. On March 2, 2009, the *Petition for Warrant or Summons for Offender Under Supervision* [Docket 116] was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been

disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

1) **Violation of Standard Unnumbered Condition: The Defendant shall not commit another federal, state or local crime**:

    On or about February 26, 2009, the [defendant] did unlawfully receive from another person or other than the owner thereof, or aid in concealing stolen goods or other things of value[1], which he had reason to believe had been stolen, in violation of West Virginia Code 61-3-18.

    Officers responded to the Wal-Mart at Hurricane, West Virginia, in response to two individuals stealing at the store. Upon arriving, [the defendant] was questioned regarding the complaint and admitted purchasing stolen merchandise from another individual when he knew the merchandise was stolen. [The defendant] also escorted officers back to his residence where he provided officers with additional stolen property. The items stolen from the Wal-Mart were found to be approximately $620 and the [defendant] was in possession of [a] stolen lap-top computer with an estimated value in excess of $2,000.

    On or about February 27, 2009, correctional officers at the Western Regional Jail found the [defendant] in possession of eighty milligram OxyContin tablets[2].

2) **Violation of Standard Unnumbered Condition: The Defendant shall not unlawfully possess a controlled substance**:

    [The allegation regarding the defendant's possession of eighty milligram OxyContin tablets contained in Violation Number 1 above is realleged.]

    A urine specimen provided by the [defendant] on March 18, 2008, tested positive for cocaine.

---

[1]The Court makes no findings as to the value of the stolen goods.

[2]The Court makes no findings as to the charge against the Defendant in Cabell County Magistrate Court of transporting a controlled substance within the jail in violation of West Virginia Code 61-5-8(c).

> On or about March 26, 2008, the [defendant] advised the probation officer that he had ingested a Lortab for which he did not have a prescription.

> 3) **Violation of Standard Unnumbered Condition: The Defendant shall refrain from any unlawful use of a controlled substance**:

> [T]he [defendant] tested positive for cocaine on March 18, 2008, and admitted the use of Lortab, which was not prescribed to him on March 26, 2008.

In making these findings, the Court relied upon the information contained in the *Petition* and the Defendant's admission[3] that he committed the violations as set forth above.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **12 MONTHS**. Upon release from prison, the Defendant shall be placed on supervised release for a term of **36 MONTHS**. Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing,

---

[3]In connection with the allegations contained in Violation Number 1 of the *Petition*, it is noted that the Defendant did not admit that the value of the stolen goods was in excess of $1,000, and did not admit to transporting a controlled substance within the jail in violation of West Virginia Code 61-5-8(c).

counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 9, 2009

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE